UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEAN M. MIDDLETON,

        Petitioner,

v.          Case No. 04-CV-70693-DT

THOMAS BIRKETT,

        Respondent.
                                       /

**ORDER GRANTING PETITIONER'S "MOTION TO LIFT STAY . . . ,"
DIRECTING CLERK OF COURT TO REOPEN CASE,
DIRECTING SERVICE AND REQUIRING RESPONSIVE PLEADING**

Pending before the court is Petitioner Dean M. Middleton's March 19, 2007 "Motion to Lift Stay Holding His Original Petition for Habeas Corpus in Abeyance for Exhaustion Measures." Petitioner is a state inmate currently incarcerated at the Camp Branch Facility, in Coldwater, Michigan. He filed a petition for a writ of habeas corpus on February 25, 2004. The petition contained claims that had not been exhausted in state court. On March 10, 2005, the court issued an "Order Holding Petitioner's Petition for Writ of Habeas Corpus in Abeyance and Administratively Closing Case," so that Petitioner could return to state court to exhaust his unexhausted claims. (3/10/05 Order.) The court directed that the petition would be held in abeyance provided that Petitioner (1) presented his claims in state court within sixty days of the court's order

staying the petition and (2) asked the court to lift the stay within sixty days of exhausting his state court remedies.[1]  (*Id.*)

In his motion, Petitioner states that he has now exhausted his state court remedies by completing collateral review in state court.  (Pet'r's Mot. at 2.)  On May 18, 2005, he filed a motion for relief from judgment in the trial court, which was denied.  *See People v. Middleton*, No. 99-004755, slip op. (Genesee County Circuit Court Aug. 1, 2005).  He filed an application for leave to appeal in the Michigan Court of Appeals, which was denied.  *See People v. Middleton*, No. 266246, slip op. (Mich. Ct. App. May 17, 2006).  Petitioner then filed an application for leave to appeal in the Michigan Supreme Court, which denied leave to appeal on October 31, 2006.  *See People v. Middleton*, No. 131560, slip op. (Mich. Oct. 31, 2006).

While Petitioner filed his motion for relief from judgment in the trial court within the time required by the court, he did not request this court to lift the stay within sixty days of exhausting his state court remedies, as required by the court's March 10, 2005 order.  Instead, Petitioner filed his motion approximately two-and-a-half months after the expiration of the sixty-day time period.  Petitioner attaches two affidavits explaining the delay.  According to the affidavits of Petitioner and Demetrius Brown, a prisoner with whom Petitioner entered into a legal assistance agreement, Petitioner was transferred to a different facility during the course of his state court collateral appeals.  (Affidavits, Pet'r's Ex. 3.)  Once the Michigan Supreme Court denied Petitioner's application for leave to appeal, Petitioner sent Brown his legal file through the prison mail system.

---

[1] Petitioner later sought, and the court granted, an additional sixty days to file a motion for relief from judgment in state court.  (*See* 5/10/05 Order.)

Despite having written permission from the Department of Corrections (Approval, Pet'r's Ex. 2), Petitioner alleges that he was initially prohibited from sending his legal documents to Brown (Pet'r's Mot. at 3).  Petitioner claims that this hindrance caused his delay in filing the instant motion.  (*Id.*)  Because the court finds that Petitioner's delay in filing the motion was not the result of intentionally dilatory behavior or a lack of diligence, the court excuses the delay and will grant Petitioner's motion.  Accordingly,

     IT IS ORDERED that Petitioner's "Motion to Lift Stay Holding His Original Petition for Habeas Corpus in Abeyance for Exhaustion Measures" [Dkt. # 38] is GRANTED and the Clerk of Court is directed to REOPEN this matter.

     IT IS FURTHER ORDERED that the Clerk of the Court serve a copy of the petition [Dkt. # 1], "Motion to Lift Stay Holding His Original Petition for Habeas Corpus in Abeyance for Exhaustion Measures", and a copy of this order on Respondent and on the Attorney General for the State of Michigan as provided in Rule 4, Rules Governing Section 2254 Cases.

     IT IS FURTHER ORDERED that Respondent file an answer responding to the allegations of the petition in accordance with Rule 5, Rules Governing Section 2254 Cases, by October 23, 2007.

     s/Robert H. Cleland
     ROBERT H. CLELAND
     UNITED STATES DISTRICT JUDGE

Dated:  May 2, 2007

3

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 2, 2007, by electronic and/or ordinary mail.

                                        s/Lisa G. Wagner  
                                        Case Manager and Deputy Clerk  
                                        (313) 234-5522